Filed 4/29/16  In re Juan A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re JUAN A., a Person Coming Under the Juvenile Court Law. | |
| | D069133 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J234158) |
| v. | |
| JUAN A., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013 and 2014, the district attorney filed two petitions against Juan A. (Minor) for unrelated incidents. For each petition, the juvenile court declared Minor a ward of the court under Welfare and Institutions Code section 602[1] and placed him on probation. In 2015, the court found that Minor satisfactorily completed his terms of probation for the offenses alleged in the later-filed petition and sealed the records relating to that petition. The court did not seal the records relating to his prior petition. Minor contends the court erred by not sealing the records pertaining to his prior petition under section 786[2] because the court's findings regarding probation also related to his prior petition. We conclude the court did not err and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1.    *Petition No. 1*: *G5057*

In September 2013, the district attorney filed petition G5057 against Minor. Thereafter, the juvenile court declared his wardship after he admitted to vandalizing his mother's home in violation of Penal Code section 594, subdivisions (a), (b)(2)(A). The court placed Minor with his mother subject to supervision by a probation officer, and ordered him to obey all federal, state, county, and city laws. The probation officer reported that Minor violated the terms of his probation between February and May 2014 by possessing alcohol and using drugs.

---

[1]    Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2]    Subsequent unspecified references to section 786 are to the version effective January 1, 2015, to December 31, 2015. (Stats. 2014, ch. 249, § 2, p. 2506.)

2. *Petition No. 2*: *G6680*

In late May 2014, the district attorney filed a new petition (G6680) against Minor, relating to an incident where he stole liquor from a market and tried to run away from the officers pursuing him. He admitted two offenses alleged in the new petition: burglary (Pen. Code, § 459) and resisting arrest (Pen. Code, § 148, subd. (a)(1)). The juvenile court continued Minor's wardship, ordered him to participate in drug court, and placed him on probation.

In August 2015, Minor's probation officer requested the records for G6680 be sealed, noting his satisfactory compliance with probation terms. Following a hearing, the juvenile court terminated jurisdiction, found Minor had satisfactorily completed the terms and conditions of probation, dismissed petition G6680, ordered that "the arrest upon which G6680 is based is deemed never to have occurred[,]" and sealed all records relating to his current petition. The court commented as follows: "I am going to dismiss and seal all the petitions that are before the [c]ourt over — and certainly as to the [Penal Code, section] 148, over the vigorous objection of the People, I am going to dismiss the [Penal Code, section] 148 as well and seal pursuant to [Welfare and Institutions Code, section] 786."

Minor timely appealed on the ground that records pertaining to his prior petition (G5057) should have also been sealed.

## DISCUSSION

Minor contends the juvenile court erred by not sealing the records relating to his prior petition under section 786. He argues that he satisfactorily completed probation on

3

the vandalism offense alleged in his prior petition and that the trial court's finding of him satisfactorily completing probation on the offenses charged in his later-filed petition (burglary and resisting arrest) also encompassed his prior offense. He further argues that section 786 requires the sealing of records related to both of his petitions.

When the sealing order was issued, the unambiguous language of section 786 required the court to seal records pertaining to a petition based upon first finding that the minor satisfactorily completed probation for an offense alleged in the petition. (§ 786; *In re Y.A.* (Apr. 14, 2016, D068405) __ Cal.App.4th __ [2016 Cal.App. Lexis 282, p. *5].) Section 786 does not authorize a juvenile court to seal the records of a prior petition based merely on a minor's satisfactorily completing probation for offenses alleged in a later-filed petition. (*In re Y.A.,* at p. *5 ["Nowhere in the statute is there any reference to a *prior* petition."].)

Based on our review of the record, the court made no explicit or implicit finding that Minor satisfactorily completed probation for the offense alleged in his prior petition. Minor's probation officer recommended dismissal and sealing for only the later-filed petition, G6680. The trial court's comments reflect its intention to seal the records pertaining to Minor's resisting arrest offense (Pen. Code, § 148), which was alleged in the later-filed petition in addition to burglary. Moreover, the record shows that Minor violated the terms of probation for his prior vandalism offense and that while he was on probation for that offense, Minor committed new and more serious offenses. Accordingly, the court's findings regarding satisfactorily completed probation related

4

only to the offenses alleged in the later-filed petition. The court properly limited its sealing order to those records.[3]

DISPOSITION

The judgment is affirmed.

HALLER, Acting P. J.

WE CONCUR:

McDONALD, J.

IRION, J.

---

[3]     We need not address Minor's arguments regarding the amended version of section 786, which did not go into effect until after his case terminated.

5